# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 21-3615 FMO (AFMx) | Date | June 1, 2021 |
|---|---|---|---|
| Title | Green Apple Event Company, Inc. v. Liberty Mutual Group, Inc., <u>et</u> al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**  (In Chambers) Order Remanding Action

  On March 9, 2021, plaintiff Green Apple Event Company, Inc. ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Liberty Mutual Group, Inc., ("Liberty"), West American Insurance Company ("West American"), and Arrowhead Wholesale Insurance Services, LLC ("Arrowhead") (collectively, "defendants"), asserting claims for breach of the implied covenant of good faith and fair dealing, breach of contract, and negligence. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Exh. 1, Complaint at ¶¶ 18-25, 69-92). The negligence claim is asserted against only Arrowhead. (Dkt. 1-1, Exh. 1, Complaint at ¶¶ 82-92). On April 28, 2021, Liberty and West American ("removing defendants") removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶ 5). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014). Here, plaintiff does not assert class allegations. (See, generally, Dkt. 1-1, Exh. 1, Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | **CV 21-3615 FMO (AFMx)** | Date | **June 1, 2021** |
| Title | **Green Apple Event Company, Inc. v. Liberty Mutual Group, Inc., et al.** | | |

the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[3] Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

Plaintiff appears to be a citizen of California, (see Dkt. 1, NOR at ¶ 6), Liberty is a citizen of Massachusetts, West American is a citizen of Indiana and Massachusetts, and Arrowhead is a citizen of California (See id. at ¶¶ 7-8, 10). However, "[i]n determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A.,

---

[2] Removing defendants seek only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS - 6

| Case No. | CV 21-3615 FMO (AFMx) | Date | June 1, 2021 |
|---|---|---|---|
| Title | Green Apple Event Company, Inc. v. Liberty Mutual Group, Inc., et al. | | |

845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff <u>could</u> <u>not</u> <u>possibly</u> <u>recover</u> against the party whose joinder is questioned.") (emphasis in original).  Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder."  <u>Grancare</u>, 889 F.3d at 548 (internal quotation marks omitted).

Here, removing defendants contend that Arrowhead was fraudulently joined because it cannot be liable to plaintiff for negligence.  (<u>See</u> Dkt. 1, NOR at ¶¶ 13-16).  More specifically, removing defendants contend that plaintiff's allegations regarding Arrowhead are "sparse and conclusory."  (<u>Id.</u> at ¶ 13).

Under the circumstances, removing defendants have failed to meet their "heavy burden" of showing by clear and convincing evidence that plaintiff does not have colorable claims against Arrowhead.  <u>See</u> <u>Grancare</u>, 889 F.3d at 548.  It is not enough to argue that plaintiff has failed to state a claim against Arrowhead.  In other words, even assuming plaintiff's claim against Arrowhead was deficiently pled, there exists the possibility that plaintiff could salvage its claim through amendment of the operative complaint.  Thus, the court is unable to conclude that Arrowhead is a sham defendant.  <u>See</u>, e.g., <u>Chau-Barlow v. Provident Life & Accident Ins. Co.</u>, 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); <u>Vasquez v. Bank of Am., N.A.</u>, 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted); <u>Padilla v. AT & T Corp.</u>, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant].").

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, <u>see</u> <u>Gaus</u>, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded, under the circumstances here, that removing defendants have met their heavy burden of establishing that Arrowhead was fraudulently joined.  <u>See</u> <u>Grancare</u>, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." ) (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Hamilton Materials, Inc.</u>, 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence.").  Accordingly, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS - 6 |
|---|---|---|---|
| Case No. | **CV 21-3615 FMO (AFMx)** | Date | **June 1, 2021** |
| Title | **Green Apple Event Company, Inc. v. Liberty Mutual Group, Inc., et al.** | | |

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill Street, Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |